**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 19-2198

UNITED STATES,

Appellee,

v.

BURHAN UD DIN,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge]

Before

Kayatta, Barron, and Gelpí,
Circuit Judges.

Elizabeth A. Latif and Law Offices of Elizabeth A. Latif PLLC on brief for appellant.
Andrew E. Lelling, United States Attorney, and Mark T. Quinlivan, Assistant United States Attorney, on brief for appellee.

December 2, 2021

**PER CURIAM.** Following a jury trial, defendant-appellant Burhan Ud Din was convicted on six counts of willful failure to collect and pay payroll tax under 26 U.S.C. § 7202. Defendant's sole challenge on appeal is that there was insufficient evidence that he had acted with willfulness. For purposes of criminal tax laws, the element of willfulness requires the government to prove the defendant's "voluntary, intentional violation of a known legal duty." Cheek v. United States, 498 U.S. 192, 201 (1991). "Circumstantial evidence of willfulness, standing alone, can suffice to sustain the government's burden of proof." United States v. Stierhoff, 549 F.3d 19, 26 (1st Cir. 2008). "Willfulness may be inferred from any conduct, the likely effect of which would be to mislead or to conceal." Id. (internal quotations omitted).

Where preserved, this court would review de novo to determine "whether the evidence, construed favorably to the government, permitted rational jurors to conclude, beyond a reasonable doubt, that the defendant was guilty as charged." Stierhoff, 549 F.3d at 26. Here, however, defendant concedes that he did not preserve the issue in the district court. Accordingly, "[t]his court reviews . . . only for clear and gross injustice." United States v. Morel, 885 F.3d 17, 22 (1st Cir. 2018) (internal quotation omitted). "That is a tall order for any defendant, since the clear-and-gross-injustice standard is a particularly exacting

variant of plain error review." United States v. Freitas, 904 F.3d 11, 23 (1st Cir. 2018) (internal quotations omitted).

When viewed in the light most favorable to the prosecution, the trial evidence tends to show, among other things, that defendant failed to withhold contributions from employees' paychecks; failed to give tax forms to an employee requesting them; on various occasions provided information to an accountant that undercounted the number of employees working for his businesses; and in turn signed various tax forms with an inaccurate number of employees listed. Evidence was also introduced tending to show that defendant acted with sophistication in other areas of business, namely, entering into lease agreements, applying for permits, contracting for supplies, tracking business income and expenditures, and running day-to-day operations.

Now on appeal, defendant fails to show that upholding the jury's verdict would work a "clear and gross injustice." Morel, 885 F.3d at 22. This court has considered each of defendant's arguments and discerns no basis to disturb the verdict, particularly where the jury acted within its purview of weighing evidence and making credibility determinations. United States v. Lopez-Lopez, 282 F.3d 1, 19 (1st Cir. 2002) ("On appeal, our role is to determine whether the jury's verdict is supported by a plausible rendition of the evidence, not to weigh the evidence or

make credibility judgments that are properly within the purview of the jury.").

**<u>Affirmed.</u>**